1  **NICHOLAS & TOMASEVIC, LLP**
   Alex Tomasevic (SBN 245598)
2  225 Broadway, 19th Floor
   San Diego, California 92101
3  Tel: (619) 325-0492
   Fax: (619) 325-0496
4  Email: atomasevic@nicholaslaw.org

5  **GLICK LAW GROUP, P.C.**
   Noam Glick (SBN 251582)
6  225 Broadway, 19th Floor
   San Diego, California 92101
7  Tel: (619) 382-3400
   Fax: (619) 393-0154
8  Email: noam@glicklawgroup.com

9  Attorneys for Plaintiff Cecilia Macasero

   **UNITED STATES DISTRICT COURT**

   **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CECILIA MACASERO, Individually, and on Behalf of the Class;<br><br>Plaintiff,<br><br>vs.<br><br>CBRE, INC., a California Corporation;<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT**<br><br>**CLASS ACTION**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

CLASS ACTION COMPLAINT

Plaintiff CECILIA MACASERO, individually and on behalf of the class defined below, alleges against Defendant CBRE, INC., as follows:

## I. INTRODUCTION

1. Plaintiff Cecilia Macasero ("Ms. Macasero"), on behalf of herself and all others similarly situated, alleges Defendant CBRE, Inc. ("CBRE"), through its hiring and employment practices, violated the Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C. § 621, et seq.

2. In the fall of 2019, CBRE refused to hire Ms. Macasero, then age 55, for the Real Estate Manager ("REM"), Assistant Real Estate Manager ("AREM"), and Real Estate Services Administrator ("RESA") positions for which she had applied. Ms. Macasero had highly pertinent qualifications and experience, and had successfully worked in very similar roles for CBRE through a temporary services agency. Nevertheless, CBRE did not hire Ms. Macasero, but instead hired younger, less-qualified applicants in their 30s.

3. CBRE has portrayed itself as "inclusive" on its "diversity" webpage, proudly claiming it is "committed to an inclusive environment that provides everyone with the opportunity to achieve." Yet notably absent from CBRE's diversity site is any mention of older workers who are too often the victims of systemic age discrimination in the workplace. And while CBRE sponsors various workplace networks and initiatives for employees of color, women, LGBTQ, military, and Hispanic and Latino employees, it offers no such opportunities for older employees.

4. Ms. Macasero is by no means the only older job applicant left out of CBRE's "inclusive" work environment. Indeed, Ms. Macasero is informed and believes that CBRE routinely disregards qualified older candidates in favor of younger, less-qualified candidates.

## II. PARTIES

5. Ms. Macasero is a United States citizen, born in 1964, and has been 40 years old or older at all pertinent times referenced herein. During all relevant times,

Ms. Macasero resided in Colorado Springs, Colorado. Ms. Macasero has exhausted her administrative remedies and complied with the statutory prerequisites of filing an ADEA complaint by filing a timely discrimination complaint against CBRE with the U.S. Equal Employment Opportunity Commission ("EEOC"). Ms. Macasero has received a right to sue notice from EEOC and is timely filing this complaint and the ADEA claims herein.

6. CBRE is headquartered in Los Angeles, California and is a U.S. commercial real estate services and investment firm. CBRE had revenues of nearly $24 billion in 2019. CBRE currently employs over 100,000 employees. CBRE, in its own capacity, and as a joint employer with subsidiaries, affiliates, and/or other entities with which it is associated or contracts, has exerted significant control over the hiring and employment decisions and actions herein. Relief is sought against CBRE as well as its affiliates, employees, agents, assistants, and successors.

### III.   JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 626(b)-(c), and 29 U.S.C § 216(b).

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as the amount in controversy is greater than $75,000, exclusive of interest and costs, and is between citizens of different states.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) as this matter is a class action with an amount in controversy of greater than $5 million, exclusive of interest and costs, and involves at least one class member (Ms. Macasero) who is a citizen of a different state (Colorado) than Defendant (California).

10. This Court has personal jurisdiction over the Defendant because it engages in continuous and systematic business contacts within the State of California and maintains a substantial physical presence in this State, including the operation of its corporate headquarters in Los Angeles, California.

### IV. VENUE AND INTRADISTRICT ASSIGNMENT

11. Venue in this district is proper pursuant to 28 U.S.C. § 1391, in that CBRE resides in this District, and a substantial part of the events (including CBRE's discriminatory hiring practices) giving rise to Ms. Macasero's claims occurred in this District.

### V. FACTUAL ALLEGATIONS

12. Ms. Macasero graduated with a Bachelor of Science Degree in Business Administration in 1984. Since 2013, Ms. Macasero has had extensive work experience in commercial and residential real estate.

13. In September 2019, Ms. Macasero obtained a position working for CBRE as a Commercial Property Manager through the temporary staffing agency, Express Employment Professionals. Her prior work experience allowed Ms. Macasero to excel in this role. She successfully performed all responsibilities and grew interested in joining CBRE as a direct employee.

14. In October 2019, the opportunity to do so presented itself. CBRE posted several positions suitable for Ms. Macasero, including Real Estate Services Administrator and Real Estate Manager. Ms. Macasero had successfully performed many of the tasks required for these positions through her temporary assignment. This, combined with her previous work experience, rendered Ms. Macasero uniquely qualified for these positions.

15. Ms. Macasero interviewed for these positions, however in the interview it became clear to Ms. Macasero that CBRE did not have a sincere interest in hiring Ms. Macasero. Shortly after the interview, Ms. Macasero was informed that her application was rejected. Instead, CBRE chose to hire a candidate in her young 30s, with less than three years of relevant work experience. When she inquired as to why she was not selected, Ms. Macasero was told the company preferred a "young professional."

16. Ms. Macasero later came to learn that CBRE has a reputation of discriminating against older job applicants.

17. On information and belief, CBRE's interview policies and practices with respect to Ms. Macasero and similarly situated workers age 40 or older are disadvantageous as compared to those used with workers under the age of 40, who CBRE treats preferentially and hires in significantly greater numbers.

18. On information and belief, CBRE failed to hire Ms. Macasero and other members of the putative class in favor of younger applicants under the age of 40.

19. CBRE, with respect to its hiring decision and other terms and conditions of employment described herein, systematically discriminates against job applicants and workers who are age 40 and older.

20. CBRE's hiring and employment policies and practices described herein have denied equal opportunities involving hiring, employment and compensation to job applicants and workers who are age 40 or older.

21. On information and belief, CBRE managers and executives with control over and/or responsibility for hiring policies, practices and decisions (including those for Ms. Macasero and the putative Class) have made negative and discriminatory statements with regard to older workers age 40 and older.

22. CBRE's policies and practices, even if facially neutral, have had a substantial adverse impact on the hiring and employment opportunities of applicants and workers (including Ms. Macasero) who are age 40 or older and qualified for available positions.

23. Thus, this Class Action is brought by Ms. Macasero on behalf of herself individually and all similarly-situated workers age 40 and older against whom CBRE has discriminated on the basis of age by implementing its policies and practices of systematically recruiting and hiring workers under the age of 40 in lieu of older qualified workers such that CBRE's median workforce age is significantly below the median age of the job applicant pool.

## VI. CLASS ACTION ALLEGATIONS

24. Ms. Macasero brings this Class Action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3), and (c)(4), seeking injunctive and monetary relief for the systematic pattern and practice of discriminatory employment practices based upon individuals' age. This action is brought on behalf of the following class of individuals:

**The Class:**
> All individuals who are age 40 or older who unsuccessfully sought a work position with CBRE from July 13, 2019 through the present.

25. Members of the class are so numerous and geographically dispersed across the United States that joinder is impracticable. While the exact number of class members is unknown to Ms. Macasero, it is believed to be in the thousands. Furthermore, the class is readily identifiable from CBRE's information and records.

26. There are numerous questions of law and fact common to members of the class. Among the common questions of the law or fact are: (a) whether CBRE, in making hiring and employment decisions, has intentionally discriminated against individuals who are age 40 or older; (b) whether CBRE has adopted policies and practices (including but not limited to recruitment, interview and hiring policies and practices) that involve the preferential and discriminatory hiring of workers under the age of 40 to the detriment of workers aged 40 or older; (c) whether CBRE's policies and/or practices of hiring workers have involved a pattern and practice of discrimination against workers aged 40 and older; (d) whether CBRE's policies and/or practices of hiring workers have had a disparate impact on workers aged 40 and older; (e) whether the disparate impact of CBRE's policies and practices is justified by business or commercial necessity or a "reasonable factor other than age;" (g) whether there were alternative, objective means for recruiting, hiring, and employing workers that would have had a less disparate impact on workers aged 40

and older; (h) whether CBRE has violated the ADEA; and (i) whether damages, equitable and injunctive relief are warranted for the Class.

27. Ms. Macasero's claims are typical of the Class. All members of the Class were damaged by the same discriminatory policies and procedures employed by CBRE.

28. Ms. Macasero will fairly and adequately protect the interest of other class members she has no interest that is antagonistic to or which conflicts with those of any other class member, and Ms. Macasero is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class litigation to represent her and the other class members.

29. Ms. Macasero and the Class she seeks to represent have suffered substantial losses in earnings and other employment benefits and compensation as a result of CBRE's actions.

30. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because CBRE has acted and/or refused to act on grounds generally applicable to the Class, making declaratory and injunctive relief appropriate with respect to Ms. Macasero and the Class as a whole. The Class members are entitled to declaratory and injunctive relief to end CBRE's systematic, common, uniform, unfair, and discriminatory policies and/or practices.

31. Class certification is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) for determination of the damages claims of individual class members because the issue of liability is common to the class and the common nucleus of operative facts forms the central issue, which predominates over individual issues of proof. The primary question common to the Class is whether CBRE has discriminated on the basis of age in its hiring and employment practices. This question is central to the case and predominates over individual issues among the members of the proposed class. CBRE has engaged in a common course of discriminatory conduct in a manner that has harmed all of the class members. Class

certification under Rule 23(b)(3) would be superior to other methods for fair and efficient resolution of the issues because certification will avoid the need for repeated litigation by each individual class member. The instant case will be manageable as a class action.

32. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(c)(4) to litigate Ms. Macasero's claims for prospective class wide compliance and affirmative injunctive relief necessary to eliminate CBRE's discrimination. Certification under this rule is also appropriate to decide whether CBRE has adopted a systemic pattern and practice of age discrimination in hiring and employment decisions. Certification under this rule is also appropriate to determine class wide equitable relief and damages, including punitive damages.

## VII.   FIRST CAUSE OF ACTION

(Age Discrimination in Employment Act, 29 U.S.C § 621, *et seq.*)
(On Behalf of Plaintiff and the Class)

33. Ms. Macasero re-alleges and incorporates the above paragraphs by reference as if fully set forth herein.

34. Throughout the class liability period, CBRE has engaged in a pattern and practice of discriminating against individuals who are 40 and older by: (a) knowingly and intentionally, in the company's hiring and employment practices, treating adversely individuals who are 40 years old and older, and treating preferentially individuals who are under 40 years old, and (b) filling a disproportionately large percentage of its workforce with individuals under 40 years old even when there are many individuals age 40 or older who are available and well-qualified for the positions at issue.

35. As a direct and proximate result of CBRE's intentional discrimination, Ms. Macasero and the members of the Class have been denied employment, denied the fair opportunity to obtain employment, and denied fair opportunities with regard to positions, compensations, and/or employment with Defendants.

36. Throughout the class liability period, CBRE has used policies and practices related to hiring and employment described herein, that have had a disparate impact on the basis of age (discriminating against workers who are age 40 and older) that are not job-related for the positions at issue, not consistent with business necessity and are not necessitated by any reasonable factor other than age.

37. CBRE's actions constitute unlawful discrimination in violation of the ADEA.

## XIII. JURY TRIAL DEMAND

43. Pursuant to Fed. R. Civ. P. 38(b), Ms. Macasero, on behalf of herself and others similarly situated, demands a trial by jury of all claims asserted in this Complaint so triable.

## XIV. PRAYER FOR RELIEF

WHEREFORE, Ms. Macasero requests the Court enter judgment against CBRE:

    a) Certifying the case as a class action pursuant to Federal Rule of Civil Procedure 23;

    b) Designating Ms. Macasero as representative of the Class;

    c) Designating Ms. Macasero's counsel as counsel for the Class;

    d) Rendering a declaratory judgment that the practices complained of herein are unlawful and violate the ADEA;

    e) Issuing a permanent injunction against CBRE and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in unlawful policies, practices, customs, and usages set forth herein;

    f) Ordering CBRE to adopt a valid, non-discriminatory method for hiring;

    g) Ordering CBRE to post notice concerning its duty to refrain from discriminating against employees on the basis of age;

///

///

h) Ordering CBRE to pay Ms. Macasero and the Class compensatory damages for harms suffered as a result of CBRE's violations of the ADEA;

i) Awarding Ms. Macasero and the Class prejudgment interest at the prevailing rate on the compensatory damages as a result of Defendant's discriminating against them;

j) Awarding Ms. Macasero and the Class front- and back-pay, and such other equitable relief as the court deems just and appropriate;

k) Awarding Ms. Macasero and the Class liquidated, exemplary and punitive damages;

l) Awarding reasonable attorneys' fees, expert witness fees, expenses, and costs of this action and of prior administrative actions;

m) Declaring this action to be an ADEA collective action properly maintained under 29 U.S.C. §216(b); and

n) Awarding Ms. Macasero and the Class such other relief as this Court deems just and appropriate.

Respectfully submitted:

DATED:   January 13, 2021         **NICHOLAS & TOMASEVIC, LLP**

By:   /s/ Alex Tomasevic
Alex Tomasevic (SBN 245598)
Email: atomasevic@nicholaslaw.org

**GLICK LAW GROUP, P.C.**
Noam Glick (SBN 251582)
Email: noam@glicklawgroup.com

Attorneys for Plaintiff
CECILIA MACASERO